**06 CV 858**

JUDGE KAPLAN

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTOINETTE LAULETTA

                       Plaintiff,                          COMPLAINT

      -against-

INA LIFE INSURANCE COMPANY OF NEW YORK,

                       Defendant.
-----------------------------------------------------------------X



Plaintiff Antoinette Lauletta, by her attorneys Riemer & Associates LLC, complaining of defendant, alleges:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

2. This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the AON Corp. Long Term Disability Plan (the "Plan").

5. At all relevant times, the Plan has been and is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, INA Life Insurance Company of New York ("CIGNA") has been and is the claims administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and has been and is a fiduciary under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan are funded by Group Policy No. VDT 980001 issued by CIGNA.

8. Plaintiff was employed as a Consultant at AON Corp ("AON").

9. As an employee of AON, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On May 14, 2003, plaintiff was rendered totally disabled within the meaning of the Plan as a result of fibromyalgia, severe and chronic pain and chronic fatigue.

11. CIGNA denied Plaintiff's claim for benefits by letter dated March 29, 2004.

12. Plaintiff appealed CIGNA's denial.

13. By letters dated March 27, 2005 and September 29, 2005, CIGNA denied plaintiff's appeal.

14. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

15. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 60% of pre-disability earnings.

16. The terms of the Plan do not delegate to CIGNA discretionary authority to interpret the terms of the Plan or to determine eligibility for benefits.

17. Since May 14, 2003, plaintiff has been totally disabled within the meaning of the Plan.

18. Since May 14, 2003, plaintiff has not worked and has had no earnings.

19. CIGNA's determination that plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

20. Upon information and belief, CIGNA has a conflict of interest.

21. Upon information and belief, CIGNA's determination of plaintiff's claim for benefits was affected by its conflict of interest.

22. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

23. Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 above.

24. By reason of CIGNA's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

**WHEREFORE**, plaintiff demands judgment against CIGNA:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
       January 31, 2006

                                          RIEMER & ASSOCIATES LLC
                                          Attorneys for Plaintiff
                                          60 East 42nd Street, Suite 2430
                                          New York, New York  10165
                                          (212) 297-0700

                              By: _____
                                          Scott M. Riemer (SR5005)